UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE AND LISA JETTON, h/w ) <br>         Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES, LLC ) <br> ) <br>         Defendant ) | Case Number <br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Jackie and Lisa Jetton, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Jackie and Lisa Jetton, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains an office office in the District.

### III.  PARTIES

4. Plaintiffs, Jackie and Lisa Jetton, h/w are adult natural persons residing at 104 Davis Drive, Aberdeen, Mississippi 39730-2910.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of Mississippi and the Commonwealth of Pennsylvania with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502 and a local address of P.O. Box 1259, Oaks, PA 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around November, 2010, Plaintiffs started to get calls from Defendant on a debt allegedly owed on a Dillard's account.

8. Plaintiffs were informed by the Defendant that this account belonged to Plaintiff, Lisa, and that she owed approximately $1,317.00 on the account.

9. Plaintiff, Jackie, informed the Defendant that he and his wife had maintained personal legal counsel to aid with their debt settlement and that they should call and speak with their attorney directly in this matter.

10. Defendant refused to call and speak with the Plaintiffs attorney and continued to call the Plaintiffs every day.

11. On or about November 18, 2010, Plaintiffs attorney sent a cease and desist letter to the Defendant. **See Exhibit "A" (letter) attached hereto**.

12. Defendant continued to call and try to collect from Plaintiffs.

13. Defendant never spoke with Plaintiff, Lisa, personally, whom the account is said to belong to.

14. On or about November 29, 2010, Plaintiffs received a call from Defendant. Plaintiff, Jackie, again asked Defendant to call their legal counsel to try and settle the account.

15. On or about December 6, 2010, Plaintiff, Jackie, spoke with Defendant's agent, "Gary", who also refused to call and speak with the Plaintiffs attorney.

16. Plaintiff, Jackie, was told to inform his wife that she needed to call back the next day and speak with Defendant's, agent, "Rhonda", and demanded she be ready to schedule a payment plan.

17. On or about December 7, 2010, a second cease and desist was sent to the Defendant. **See Exhibit "B" (letter) attached hereto**.

18. Defendant continues to call the Plaintiffs trying to collect on the above mentioned account.

19. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

23. As a result of Defendant's conduct, Plaintiffs has sustained actual damages, including, but not limited to, injury to Plaintiffs reputations, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated the consume owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once |
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(2) | After it knows the consumer is represented by an attorney, unless the attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c) | After written notification that consumer refused to pay the debt or that consumer wants the collector to cease communications |
| §§ 1692d | Any conduct the natural consequence is to harass, oppress or abuse any person |

| | |
|---|---|
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                                              **Respectfully submitted,**

                                              **WARREN & VULLINGS, LLP**

**Date:  December 28, 2010**     **BY:** */s/ Bruce K. Warren* **BKW4066**
                                                       Bruce K. Warren, Esquire

                                                       **BY:** */s/ Brent F. Vullings* **BFV8435**
                                                       Brent F. Vullings, Esquire

                                                       Warren & Vullings, LLP
                                                       93 Old York Road
                                                       Suite 333
                                                       Jenkintown, PA 10946
                                                       215-745-9800   Fax 215-745-7880
                                                       Attorneys for Plaintiffs